UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                §
                                      §
LIMONCIELLO, ANTHONY                  §    Case No. 05-39333
LIMONCIELLO, ANNETTE M                §
                                      §
         Debtor(s)                    §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Phillip D. Levey, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

                  Kenneth Gardner
                  U.S. Bankruptcy Court Clerk
                  219 South Dearborn Street- 7th Floor
                  Chicago, IL  60614

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 11/30/2010 in Courtroom 644,
                  United States Courthouse
                  219 South Dearborn Street
                  Chicago, IL  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____       By: Kenneth S. Gardner_____
                                                             Clerk, U.S. Bankruptcy Court

*Phillip D. Levey*
*2722 North Racine Avenue*
*Chicago, IL 60614*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
§
LIMONCIELLO, ANTHONY § Case No. 05-39333
LIMONCIELLO, ANNETTE M §
§
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of* $

*and approved disbursements of* $

*leaving a balance on hand of*[1] $

Claims of secured creditors will be paid as follows:

*Claimant* *Proposed Payment*
_____ $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee: Phillip D. Levey* | $_____ | $_____ |
| *Attorney for trustee: Phillip D. Levey* | $_____ | $_____ |
| *Appraiser: Maloney Appraisal Company, Inc.* | $_____ | $_____ |
| *Auctioneer:* | $_____ | $_____ |
| *Accountant:* | $_____ | $_____ |
| *Special Attorney for trustee:* | $_____ | $_____ |
| *Charges: Clerk, U.S. Bankruptcy Court* | $_____ | $_____ |
| *Fees:* | $_____ | $_____ |

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009) *(Page: 2)*

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Other:*_____ | $_____ | $_____ |
| *Other:*_____ | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor:*_____ | $_____ | $_____ |
| *Attorney for:*_____ | $_____ | $_____ |
| *Accountant for:*_____ | $_____ | $_____ |
| *Appraiser for:*_____ | $_____ | $_____ |
| *Other:*_____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000001 | A&A Equipment & Supply Co<br>196 West Devon Avenue<br>Bensenville, IL 60106 | $ | $ |
| 000002 | Auburn Supply Co<br>Teller Levit & Silvertrust PC<br>11 East Adams Street<br>Chicago, IL 60603 | $ | $ |
| 000003 | Time Savers, Inc<br>Teller Levit & Silvertrust PC<br>11 East Adams Street<br>Chicago, IL 60603 | $ | $ |
| 000004 | Crawford Supply Co<br>Fuchs & Roselli, LTD<br>440 West Randolph Street<br>Suite 500<br>Chicago, IL 60606 | $ | $ |
| 000005 | SMC c/o Carson Pirie Scott<br>BOX 19249<br>SUGARLAND TX 77496 | $ | $ |
| 000007 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ |
| 000008 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ |
| 000009 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000010 | Financial Management Services, Inc. 1001 Warrenville Road Suite 210 Lisle, IL 60532 | $ | $ |
| 000011 | Fred & Barbara Altamore 3035 Maple Street Franklin Park, IL 60131 | $ | $ |
| 000012 | Douglas A Lindsay Lewis, Overbeck & Furman, LLP 135 S. LaSalle Street, Suite 2300 Chicago, Illinois 60603-4274 | $ | $ |
| 000013 | Capital Recovery One Assignee of GE Money Bank DBA JCPenney Rewards Mastercard Recovery Management Systems Corp 25 S.E. 2nd Avenue, Suite 1120 Miami, Fl 33131 | $ | $ |
| 000014 | Citibank South Dakota NA Assoc Citgo Payment Center 4300 Westown Parkway West Des Moines, IA 50266 | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 00015 | Diamond Coring Co. c/o Chitkowski Law Offices 801 Warrenville Road Suite 620 Lisle, IL  60532 | $ | $ |
| | | $ | $ |
| | | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The amount of surplus returned to the debtor after payment of all claims and interest is $        .

Prepared By: /s/Phillip D. Levey
Trustee's Counsel

*Phillip D. Levey*
*2722 North Racine Avenue*
*Chicago, IL 60614*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.